**United States District Court**
For the Northern District of California

E-FILED on    8/31/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERU NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXTRICOM LTD., <br><br> Defendants. | No. C-10-02021 RMW <br><br> ORDER GRANTING EXTRICOM'S MOTION TO DISMISS, TRANSFER, OR STAY <br><br> **[Re Docket No. 35]** |

Defendant Extricom Ltd. ("Extricom") moves for the court to dismiss, transfer, or stay this case based on the first-to-file rule. For the reasons set forth below, the court grants the motion and dismisses this case.

## I. BACKGROUND

Plaintiff Meru Networks, Inc. ("Meru Networks") and Extricom are competitors in the market for wireless local area network ("WLAN") products and services. This case arises out of United States Patent No. 7,697,549 ("'549 Patent"), which was issued to Extricom on April 13, 2010. Shortly before issuance of the '549 Patent, Extricom contacted Meru, inviting it to negotiate a license to the soon to be issued patent. The parties entered into a standstill agreement, which provided that neither party would commence suit regarding the '549 Patent prior to May 11, 2010.

ORDER GRANTING EXTRICOM'S MOTION TO DISMISS, TRANSFER, OR STAY—No. C-10-02021 RMW
CCL

On May 11, 2010, both parties filed suit. Extricom filed suit first, shortly after midnight, in the District of Delaware, alleging patent infringement ("Delaware Action"). Several hours later, shortly after 9:00 a.m. (Pacific time), Meru filed this action in the Northern District of California, seeking declaratory judgment of non-infringement and invalidity ("California Action"). *See* Dkt. No. 24 Ex. 2 ¶ 2. Extricom now asks the court to dismiss, transfer, or stay the California Action in favor of the first-filed Delaware Action.

## II. ANALYSIS

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). This rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims. Accordingly, it "should not be disregarded lightly." *Alltrade, Inc. v. Uniwield Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). At the same time, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Thus, the Ninth Circuit has recognized exceptions to the first-to-file rule under various circumstances, such as bad faith, anticipatory suit, and forum shopping. *Alltrade*, 946 F.2d at 628. A court may also decline to apply the first-to-file rule when the balance of convenience weighs in favor of the later-filed action. *See id.* at 628. The Federal Circuit has made clear that the first-to-file rule applies to patent cases and thus likewise requires deference to the first-filed action unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).

In applying the first-to-file rule, a court first looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Alltrade*, 946 F.2d at 625. These three prerequisites have clearly been met in this case, as the following facts are undisputed: (1) the Delaware Action was filed before the California Action; (2) the California Action and the Delaware Action involve the same parties; and (3) the California Action and the Delaware Action involve identical issues. Nonetheless, Meru argues that the court

should not exercise its discretion to dismiss, transfer, or stay the California Action because: (1) the policy justifications for the first-to-file rule would not be served by applying it in this case; and (2) the Northern District of California is the more convenient forum.[1]

### A.  Policy Justifications

Meru argues that the first-to-file rule's policy justifications of judicial economy and comity are inapplicable to this case. The court disagrees. If the court permits the California Action to proceed despite the ongoing Delaware Action, there would be unnecessary duplication of effort by the parties and the courts in resolving the same issues, as well as the risk of conflicting rulings by the two courts. Thus, both policy rationales are applicable to this case.

### B.  Balance of Convenience

Meru also contends that the Northern District of California is the more convenient forum for the parties and witnesses. The Ninth Circuit has held that normally, this convenience argument should be addressed to the court in the first-filed action, not the court in the later-filed action. *Alltrade*, 946 F.3d at 628. It is undisputed that the Delaware Action was filed first, albeit only by a few hours. The court recognizes that both parties filed suit as quickly as possible upon termination of the standstill agreement. However, the bright line rule allowing the court in the first-filed action to make the convenience determination comports with the policy of judicial economy that the first-to-file rule is intended to serve.

Meru has not provided any reason why this court, rather than the Delaware district court, is better suited to conduct the inquiry into the balance of convenience. The court therefore declines to consider Meru's argument regarding convenience. Meru may bring a motion to transfer venue in the Delaware Action if it believes litigation in Delaware would be inconvenient for the parties and witnesses.[2]

---

[1] Meru also argues that only a few hours elapsed between the filing of the Delaware Action and the filing of the California Action.

[2] The court is not suggesting that a motion to transfer based on convenience should be made, or if made, whether it would have merit. The court is just making clear that the issue of transfer for convenience purposes is within the discretion of the Delaware district court.

Because the California Action is duplicative of the earlier-filed Delaware Action, the court dismisses the California Action in the interests of judicial economy and comity.

### III.  ORDER

For the foregoing reasons, the court grants Extricom's motion to dismiss this case.  The dismissal is without prejudice to any motion to transfer based on convenience made in the Delaware district court.

DATED:     8/31/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge